# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

## No. 98-40688
## Summary Calendar

_____

**LAURIE ANN MCKNIGHT, doing business as BAIL BOND CENTER OF HARRISON COUNTY doing business as BAIL BOND CENTER, ET AL,**

**Plaintiffs,**

**LAURIE ANN MCKNIGHT, doing business as BAIL BOND CENTER OF HARRISON COUNTY doing business as BAIL BOND CENTER,**

**Plaintiff-Appellant,**

## VERSUS

**HARRISON COUNTY TEXAS; BOB GREEN, individually and as Sheriff of Harrison County, Texas,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(2:96-CV-34)

_____

February 22, 1999

Before REYNALDO G. GARZA, JOLLY and WIENER, Circuit Judges.

PER CURIAM:[*]

### I.  Factual and Procedural Background

Ted Paul ("Paul") owns Bail Bond Center of Harrison County and Bail Bond Center. Although Paul engages in bail bonding in Harrison County, he is not a licensed insurance agent or solicitor in the state of Texas. Paul's daughter, Ann McKnight ("McKnight"), is a licensed insurance agent in the state of Texas. McKnight does not own any part of her father's bail

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bonding business and does not negotiate or approve the bonds that are written by the Bail Bond Center of Harrison County.

McKnight "pre signs" insurance power of attorney forms for Paul to use in his bail bonding business. These forms are then filled out by non-licensed employees of the Bail Bonding Center who use the forms to bond people out of jail. McKnight does not negotiate the terms of the bonds, and she does not have final approval of terms of the bonds. On November 25, 1997, McKnight first filed a qualifying power of attorney form with Harrison County.

McKnight and Paul (collectively "Appellants") brought a lawsuit against Harrison County and Sheriff Bob Green ("Green") (collectively "Appellees"), claiming that they had violated Appellants' 14th Amendment right to due process. Appellants assert their exercise of the right to engage in the bail bonding business in Harrison County, Texas was impeded or denied by the Appellees. Appellees contended that they did not infringe on Appellants' rights to engage in bail bonding. Moreover, the Appellees asserted that the Appellants do not have any vested property or liberty interest in writing bonds in Harrison County.

The magistrate judge granted summary judgment in favor of Appellees. The court held that Paul had no vested property or liberty interest in writing bail bonds because he was not properly licensed in the bail bonding business. Therefore, it found that the Appellees had not violated any of his 14th Amendment due process liberty or property interest in engaging in the bail bonding business in Harrison County.

In addition, the magistrate judge found that McKnight was a licensed insurance agent in Texas. The court concluded, however, that McKnight had not complied with the Texas Code of Criminal Procedure which requires to write bonds that a qualifying power of attorney form be on file with the county clerk's office of the county where an agent will be writing bonds. The court noted that McKnight did not have a power of attorney form on file with the Harrison County Clerk's Office until November 25, 1997. Furthermore, the court recognized that the damages that McKnight sought were the result of alleged acts of the Appellees from the years 1993, 1994,

2

1995, and 1996. The court concluded that McKnight had no cognizable liberty or property interest in engaging in the bail bonding business prior to November 25, 1997 and, therefore, that the Appellees had not violated McKnight's 14th Amendment due process rights.

This appeal followed.

## II. Standard of Review

This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court. *Merritt-Campbell, Inc. v. RxP Products, Inc.*, --- F.3d ----, 1999 WL 10155 (5th Cir. 1999). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Merritt-Campbell, Inc.*, 1999 WL 10155 at *3. Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglas v. United Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Id*. at 248; *Thomas v. LTV Corp*., 39 F.3d 611, 616 (5th Cir. 1994).

## III. Discussion

Property interests are not ordinarily created by the Constitution, but their dimensions are defined by existing rules or understandings that stem from an independent source such as a state law statute. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 575 (1972). The relevant statute in this case is the Texas Code of Criminal Procedure. This statute allows the writing of two types of bonds, those that are written by individual sureties and bonds that are written by corporate sureties. TEX. CODE CRIM. PRO. ANN. Art. 1706 (Vernon 1985). However, in order for a corporation to act as a surety under the laws of the state of Texas, a current

3

qualifying power of attorney must be on file with the county clerk's office in the county where the agent intends to write bonds. TEX. CODE CRIM. PRO. ANN. Art. 1707.

Appellants argue that the district court erred in granting Appellees' Motion for Summary Judgment on the basis that the Appellants did not have a vested property or liberty interest in writing bail bonds before November 25, 1997. The Appellants contend that a property interest to write bail bonds vested prior to November 25, 1997. Furthermore, they argue that McKnight did have the right to write bail bonds in Harrison County and has been doing so for approximately four years. Appellants maintain that McKnight was never informed that she did not have the right to write bail bonds in Harrison County. Moreover, Appellants argue that a series of cases which they cite in their brief are dispositive and illustrate that McKnight has a vested property interest in writing bail bonds. We find that these cases are factually different and inapplicable to the present case.

Appellees assert that the district court did not err in granting summary judgment in their favor because: (1) the Appellant did not file a response and no controverting summary judgment evidence; (2) Sheriff Green allowed the Appellants to write bail bonds and did not commit any improper acts; (3) Appellants had no cognizable property or liberty interest at stake because they failed to comply with the Texas Code of Criminal Procedure and the Texas Insurance Code that are required to write insurance bonds; (4) Sheriff Green is entitled to qualified immunity from suit; and (5) sovereign immunity and the doctrine of municipal liability shields Harrison County from suit.

We hold that the magistrate court was correct in concluding that the Appellants did not have a vested property or liberty interest in writing bail bonds in Harrison County, Texas before November 25, 1997. It is evident that McKnight failed to comply with the Texas Code of Criminal Procedure by not filing a qualifying power of attorney form with Harrison County prior to November 25, 1997. Therefore, McKnight did not acquire the right to write bail bonds in Harrison County until November 25 ,1997. Moreover, the district court correctly noted that

4

McKnight alleged damages arising from the years of 1993, 1994, 1995 and 1996. Thus, because the alleged acts of the Appellees arose prior to November 25, 1997, her contentions are meritless.

Furthermore, the district court was correct in finding that Paul was not properly licensed to engage in the bail bond business. Thus, Paul had no vested property or liberty interest in writing bail bonds. Accordingly, the district court properly found that the Appellees did not violate any of Paul's 14th Amendment due process liberty or property interest in engaging in the bail bonding business in Harrison County.

Since, there were no cognizable property or liberty interests violated, we need not reach the Appellees' remaining contentions.

## IV. Conclusion

For the aforementioned reasons we find that the magistrate court was correct in all respects. Accordingly, its decision is hereby AFFIRMED.